# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

CRYSTAL DESIREE JOHNSTON,

        Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

        Defendant.

Case No. 10-CV-558-FHM

## **OPINION AND ORDER**

Plaintiff, Crystal Desiree Johnston, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct.

---

[1] Plaintiff's May 4, 2007, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Deborah Rose was held April 7, 2009. By decision dated November 4, 2009, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on July 17, 2010. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

      Plaintiff was 18 years old on the date of alleged onset of disability and 21 on the date of the ALJ's decision.  She completed the tenth grade and has no significant past relevant work .  She claims to have been unable to work since February 1, 2007, as a result of mental impairments. The ALJ determined that Plaintiff "has the residual functional capacity to perform a wide range of work at all exertional levels but with the following nonexertional limitations:  the claimant is able to have only occasional interaction with the public and is able to perform simple routine tasks."  [Dkt. 10-2, p. 15].  Based on the testimony of the vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations.  The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled.  *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

      Plaintiff asserts that the ALJ's determination is not supported by substantial evidence.  Specifically, Plaintiff argues that the ALJ failed to evaluate her personality disorder and failed to consider the side effects of her medications.  The Court concludes that the record contains substantial evidence supporting the ALJ's denial of benefits in this

case, and that the ALJ applied the correct standards in evaluating the evidence. Therefore the Commissioner's denial of benefits is AFFIRMED.

The Court finds that the decision demonstrates that the ALJ properly considered all of Plaintiff's mental impairments and that the RFC finding which limited Plaintiff to work that involves only occasional interaction with the public and the performance of simple routine tasks is supported by substantial evidence in the record. The ALJ stated that in evaluating the case at step three she considered Listing[2] 12.08, which addresses personality disorders. [Dkt. 10-2, p. 14]. The ALJ is not necessarily required to discuss the evidence in terms of the diagnoses as the focus of a disability determination is on the functional consequences of a condition, not the mere diagnosis. *See e.g. Coleman v. Chater*, 58 F.3d 577, 579 (10th Cir. 1995)(the mere presence of alcoholism is not necessarily disabling, the impairment must render the claimant unable to engage in any substantial gainful employment.), *Higgs v. Bowen*, 880 F.2d 860, 863 (10th Cir. 1988)(the mere diagnosis of arthritis says nothing about the severity of the condition), *Madrid v. Astrue*, 243 Fed.Appx. 387, 392 (10th Cir. 2007)(diagnosis of a condition does not establish disability, the question is whether an impairment significantly limits the ability to work), *Scull v Apfel*, 221 F.3d 1352 (10th Cir. 2000)(unpublished), 2000 WL 1028250 *1 (disability determinations turn on the functional consequences, not the causes of a claimant's condition).

---

[2] The Listing of Impairments (Listings) describe, for each of the major body systems, impairments which are considered severe enough to prevent a person from performing any gainful activity. 20 C.F.R. Pt. 404, Subpt. P., App.1.

The Court rejects Plaintiff's suggestion that the ALJ's decision should have included the terminology contained in the DSM-IV-TR.[3] The ALJ properly focused her attention on the information in the record that related to Plaintiff's functional capacity rather than incorporating outside reference materials.[4]

The Court disagrees with Plaintiff's assertion that this case is like *Salazar v. Barnhart*, 46 F.3d 615 (10th Cir. 2006). In *Salazar*, the ALJ denied benefits on the basis of his finding that if the plaintiff stopped using drugs and alcohol she would be able to work. *Id*. at 617. The Tenth Circuit found that in making this finding, the ALJ failed to consider the plaintiff's borderline personality disorder. Indeed, in *Salazar* the ALJ did not even mention the Listing for that condition (Listing 12.08) in the decision. *Id*. at 622. In contrast to *Salazar*, here the ALJ identified the personality disorder as being a severe impairment and named the Listing for that disorder as being one of the several she considered at step three.

Plaintiff's treating physician, Dr. Meese, completed a Medical Source Statement wherein he stated, *inter alia*, that Plaintiff's medications help her somewhat but they have the side effect of making her sleepy and decreasing concentration. [Dkt. 10-10, p. 28]. Plaintiff argues that the case should be remanded because the ALJ did not include the medication side effects of sleepiness and decreased concentration in the RFC finding.

---

[3] The DSM-IV-TR is the American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders (4th ed. 2000).

[4] The court has not considered the comments which appear in the margin of the ALJ's decision and which bear the legend: "Deleted." [Dkt. 10-2, p. 20]. Many ideas and phrases may be written and discarded in the process of writing a work such as the ALJ's decision or this Opinion and Order. Such documents are properly judged on the basis of the final product, not what was discarded. As discussed, the final decision in this case demonstrates that the ALJ considered all of Plaintiff's conditions.

The ALJ noted Dr. Meese's opinion, including the comment about medication side effects. [Dkt. 10-2, p. 18]. The ALJ stated that Dr. Meese's progress notes "show no findings by the doctor that are consistent with what one would expect if the claimant were truly disabled and are not consistent with the limitations reported in the Medical Source Statement." [Dkt. 10-2, p. 20]. As a result, the ALJ stated she gave "no significant weight to Dr. Meese's opinion." *Id*. Although the ALJ did not single out the medicine side effect notation for comment, the undersigned finds that the ALJ's rejection of Dr. Meese's opinion is broad enough to encompass that part of Dr. Meese's opinion. This finding is supported by the fact that Dr. Meese's office notes which span a three-year period do not mention any complaints of drowsiness. Further, the report of consultative examiner, Dr. LaGrand, reflects that Plaintiff reported to her that the medications Plaintiff takes make her drowsy. [Dkt. 10-10, p. 30]. Dr. LaGrand concluded, however, that Plaintiff had the ability to work, as follows: "[f]rom a psychological standpoint, based on her reported symptoms, history, and performance on this exam, her ability to perform adequately in most job situations, handle the stress of a work setting and deal with supervisors or co-workers is estimated to be low average." [Dkt. 10-10, p. 34]. The ALJ stated she gave "great weight" to Dr. LaGrand's opinion as Dr. LaGrand "had the opportunity to examine the claimant and offered her opinion based upon the examination and objective medical signs and findings." [Dkt. 10-10, p. 20]. The Court finds that, given the analysis performed by the ALJ, the failure to mention the medication side effect does not present reason to remand the case.

The Court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The Court further finds there

5

is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED

SO ORDERED this 12th day of September, 2011.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE